IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHNEIDER,<br><br>Petitioner,<br><br>vs.<br><br>JIM MACDONALD, Warden at La Palma Correctional Center (Eloy, AZ), and MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation,<br><br>Respondents. | No. C 10-5753 WHA<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED PETITION AND ORDER TO SHOW CAUSE** |

Petitioner's motion for leave to file an amended petition is **GRANTED**, and petitioner's counsel shall file the proposed amended petition on the docket as the first amended petition by **JULY 18, 2011**.

\*         \*         \*

Petitioner, a prisoner currently incarcerated in Arizona, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging a conviction in California state court.

According to the petition, in 2007 petitioner entered pleas of no contest to 173 counts, including first degree burglary, grand theft, theft from an elder, obtaining money by false pretenses, forging the seal or handwriting of another, forging an instrument other than a check, and embezzlement by a fiduciary, in Santa Clara County Superior Court. The trial court sentenced him to a term of twenty-eight years and four months in state prison. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review.

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As a basis for federal habeas relief, petitioner claims that he was denied effective assistance of counsel in state court. Liberally construed, the issues in the petition are sufficient to require a response.

1. Respondents shall file with the Court and serve on petitioner, within **NINETY DAYS** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claim in the petition, as identified above. Respondents shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondents within **THIRTY DAYS** of the date the answer is filed.

2. Respondents may file, within **NINETY DAYS**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of non-opposition within **THIRTY DAYS** of the date the motion is filed, and respondents shall file with the Court and serve on petitioner a reply within **FIFTEEN DAYS** of the date any opposition is filed.

3. Petitioner is reminded that all communications with the Court must be served on respondents by mailing a true copy of the document to respondents' counsel. Petitioner must comply with court orders in a timely fashion. Failure to do so may result in the dismissal of this

action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July 13, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3