IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHNEIDER,<br><br>Petitioner,<br><br>v.<br><br>JIM MACDONALD, Warden at La Palma Correctional Center (Eloy, AZ) and MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation,<br><br>Respondents. | No. C 10-05753 WHA<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

This is a federal habeas action brought by a state prisoner under 28 U.S.C. 2254. Petitioner brings three claims for ineffective assistance of counsel. For the reasons set forth below, the petition is **DENIED**. There is no need for an evidentiary hearing.

**STATEMENT**

Petitioner Michael Schneider is currently incarcerated at La Palma Correctional Center in Eloy, Arizona, by Warden Jim MacDonald, at the direction of the California Department of Corrections and Rehabilitation Secretary Matthew Cate. He is represented by counsel for purposes of his Section 2254 petition. For more than thirteen years, petitioner perpetrated a real estate investment fraud scheme in which there were sixty victims and losses in excess of $43 million. He was convicted by plea of 173 counts.

1    The following facts are drawn from the decision of the California Court of Appeal on the direct appeal of the underlying state conviction, *People v. Schneider*, 2009 Cal. App. Unpub. LEXIS 4183 (Cal. App. May 28, 2009) and review of the record.

Defendant graduated from Indiana University with a bachelor's degree in economics in 1984. He worked for an office equipment company for one year and then joined an investment company where he worked as an account executive selling insurance and mutual fund products for approximately one year. In 1986, he obtained employment with California Plan, Inc., a San Jose real estate investment firm. He began working with CPI investors, servicing their accounts and presenting new investments, and he eventually obtained a real estate broker's license. By 1995, he had purchased CPI. Many of the victims of defendant's real estate fraud were long-time investors with CPI (Pet. Exh. J at 376–77).

On May 1, 2006, petitioner was charged in a felony complaint by the Santa Clara County District Attorney's office with three counts of grand theft in violation of California Penal Code Sections 484 through 487(a), nine counts of theft/embezzlement from an elder adult in violation of Section 368(d), and an excessive taking allegation. Several amended complaints were subsequently filed, the underlying facts of which involved petitioner's allegedly fraudulent operation of a real estate business. Charges were also filed against petitioner in Santa Cruz County, where certain victims resided (Gov't Exh. A at 3–8; Pet. Exh. J at 377).

Defendant requested that both cases be consolidated into one case in Santa Clara County. On July 31, 2007, pursuant to a global settlement agreement signed by petitioner, Attorney Daniel Horowitz, counsel for defendant, and the two Deputy District Attorneys assigned to the pending cases in Santa Cruz and Santa Clara Counties, the charges in both cases were consolidated into a single proceeding before the Santa Clara County Superior Court. The case was before Judge Ray E. Cunningham (Pet. Exh. C).

Pursuant to the global settlement agreement, the Santa Clara County District Attorney's office filed a sixth amended complaint, which added to the Santa Clara County complaint the charges against petitioner in Santa Cruz County. The Sixth Amended Complaint charged 173 counts. The charges included 38 counts of grand theft in violation of California Penal Code

2

Sections 484 through 487(a), 56 counts of theft/embezzlement of an elder in violation of Section 368(d), eight counts of counterfeiting and forging in violation of Section 470, 34 counts of obtaining money/property by false pretenses in violation of Section 532, and two counts of embezzlement by a fiduciary in violation of Sections 487 and 506 (Pet. Exh. J at 377–78).

The sixth amended complaint also contained 35 counts of first-degree residential burglary in violation of Sections 459 and 460(a), including an allegation under Section 667.5(c)(21) for a violent-felony enhancement. Section 667.5(c)(21) provided that, "'violent felony' shall mean any of the following: . . . Any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." The government's theory under this statutory provision was that petitioner entered the residence of his clients with the intent to fraudulently obtain money from a client (a non-accomplice) who was present in the residence.

The order recognizes that the burglaries to which petitioner pleaded no contest were not actually "violent," as the term is commonly understood, but also must recognize that the state appellate court approved application of the "violent" enhancement in petitioner's case, meaning that the state law must be understood to comprehend this type of burglary. Finally, the complaint also contained an excessive-taking allegation and additional enhancements.

The global settlement agreement stated (Pet. Exh. C):

> As to these added charges, this will be a deliberate duplicate filing done at the request of the defense. Pursuant to this agreement, the defendant will then plead either guilty or no contest, as charged, with no conditions whatsoever, to all counts in case CC627877 and admit all allegations contained in the Sixth Amended Complaint to be filed in Santa Clara County. As part of this agreement, the defendant hereby waives any objection he might otherwise have to the charges being consolidated and venue being transferred to Santa Clara County for the entire case. He further waives any appellate claim that the charges filed were time barred by statute of limitations. . . .
>
> Should the defendant not plead in accordance with the agreement set forth above, the parties contemplate that the two cases would revert back to the status each case enjoyed prior to their consolidation in Santa Clara County.

On July 31, 2007, petitioner entered pleas of no contest to the charges contained in the sixth amended complaint and admitted the enhancements. It was agreed that the case would

3

proceed to a sentencing hearing in Santa Clara County Superior Court after a presentence report was prepared by probation (Pet. Exh. B at 15–44).

As scheduled, Judge Cunningham commenced sentencing on November 16, 2007, but it was not completed on that day. Sentencing continued on January 17, 2008. Additional testimony was received and several victims made victim-impact statements. Argument by counsel for all parties was heard. On February 1, 2008, a term of 28 years and four months was imposed. The court also ordered restitution to various victims in an amount over $43 million and imposed additional fines and fees (Pet. Exh. B at 190–200).

Before imposing the sentence the sentencing judge acknowledged that he was not sure if the violent-felony enhancement was appropriate in this case because he was not sure that there was a chance for a violent encounter during the burglaries with which petitioner was charged and to which he pleaded guilty. This was an argument raised by Attorney Horowitz in defendant's sentencing memorandum, urging that the violent-felony enhancement be stayed or stricken. Nonetheless, the court applied the enhancement (Pet. Exh. F at 279–80).

On February 15, 2008, Attorney Horowitz filed a timely appeal. Attorney Joseph Shipp, who was appointed petitioner's appellate counsel filed a timely amended notice of appeal and requested issuance of a certificate of probable cause on the question of whether "voters or the legislator intended the violent felony designation for 'hot prowl' residential burglaries . . . which [petitioner] admitted, to apply to [petitioner's] technical burglaries committed in aid of real estate fraud." The request for a certificate of probable cause was granted on March 25, 2008 (Pet. Exh. G at 319).

On direct appeal before the California Court of Appeal, Sixth Appellate District, petitioner contended that (1) "his admission of the allegation that the burglaries were violent felonies within the meaning of Section 667.5, subdivision (c)(21) and the limitation on his custody and worktime credits that result[ed] from that admission were unauthorized in law and resulted in an unauthorized sentence"; (2) "his burglary convictions should be stricken as unauthorized and unsupported by the evidence"; and (3) "[a]nticipating the Attorney General's argument that these issues are not cognizable on appeal . . . argue[d] that his counsel was ineffective when he

4

permitted [petitioner] to admit the violent felony allegation, when he stipulated to a factual basis for the plea, or when he otherwise failed to make the objections necessary to preserve the issues for appeal" (Pet. Exh. J at 375).

On May 28, 2009, the appellate court issued an unpublished opinion, affirming petitioner's convictions and sentence and directing a modification to the abstract of judgment (Pet. Exh. J). The opinion stated it would not reach the various ineffective assistance of counsel claims since it addressed the merits of the issues raised on appeal. The court held that the sentencing court's application of the violent-felony enhancement was not improper (Pet. Exh. J at 384).

On June 25, 2009, petitioner filed a petition for review in the California Supreme Court. The petition for review was summarily denied on September 18, 2009. On December 16, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was summarily denied on June 8, 2011. Also on December 16, petitioner filed the instant petition and requested a stay to exhaust his state court remedies. The matter was ordered stayed on January 5, 2011. On July 13, 2011, petitioner's request for leave to file an amended petition was granted and an order to show cause issued.

The instant petition brings three ineffective assistance of counsel claims in support of petitioner's request for habeas relief. He contends that: (1) his trial counsel rendered ineffective assistance by advising him to plead no contest to all charges and allegations without conducting an adequate factual investigation; (2) his trial counsel rendered ineffective assistance when he failed to protect petitioner's double jeopardy rights and advised him to plead no contest to nine duplicative counts and that his appellate counsel also rendered ineffective assistance in failing to raise the issue on appeal; and (3) that the statutory classification of his burglary offenses as violent felonies violates his rights to equal protection and due process, and counsel rendered ineffective assistance in failing to explicitly object to the violent-felony enhancement on constitutional grounds at sentencing.

5

**ANALYSIS**

**1. STANDARD OF REVIEW.**

This case is subject to the Antiterrorism and Effective Death Penalty Act of 1996, which imposes a highly deferential standard for evaluating state court rulings. Under AEDPA, a federal court has no authority to grant habeas relief unless the state court's ruling was "contrary to, or involved an unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. 2254(d)(1).[*]

This standard applies even, as here, the state court decision was a summary denial. In *Harrington v. Richter*, the Supreme Court concluded that there is no requirement that a state court decision be accompanied by an explanation in order for the decision to be entitled to deferential review under Section 2254(d). 131 S. Ct. 770, 784–85 (2011). The Supreme Court stated (*ibid*):

> By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a 'decision,' which resulted from an 'adjudication.' . . . Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.

The Supreme Court further instructed that "a habeas court must determine what arguments or theories . . . could have supported the state court's decision; and it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* at 786.

Each of the petition's three claims alleges ineffective assistance of counsel. The Sixth Amendment entitles criminal defendants to the effective assistance of counsel. The governing law here is *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To establish that counsel provided ineffective assistance, defendant must show that: (1) counsel's performance was deficient under objective standards of reasonable lawyering, and (2) there is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. A "reasonable

---

[*] The petition contends that Section 2254(d)(1) does not apply if the state court did not adequately consider the petition before denying it (Pet. 42). There is no support for such a claim and for such an expansive reading of *Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011). Section 2254(d)(1) applies.

probability" is a probability sufficient to undermine confidence in the outcome. In *Strickland*, the Supreme Court was careful to acknowledge that "[t]here are countless ways to provide effective assistance in any given case," and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way. Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," the Court instructed that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689–90, 694

When Section 2254(d)(1) applies, a court's review of a state court's decision is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). *Cullen* stated that where there is an ineffective assistance of counsel claim and Section 2254(d)(1) applies, as here, a "petitioner must demonstrate that it was necessarily unreasonable for the California Supreme Court to conclude . . . that he had not overcome the strong presumption of competence. Bounded by a highly deferential standard of review, this order turns to the merits of the claims.

### 2. CLAIM FOR FAILURE TO INVESTIGATE.

The petition contends that Attorney Horowitz was ineffective for failing to conduct a sufficient factual investigation prior to counseling petitioner to plead guilty. The petition argues that allegations in the sixth amended complaint, numerous as they were, should have raised concerns about the sufficiency of the evidence to prove the underlying offenses but that there is no evidence that Attorney Horowitz conducted a sufficient factual investigation or obtained "complete discovery" prior to counseling him (Pet. 21–22).

A defense attorney has a general duty to make reasonable investigations or to make a reasonable decision that makes particular investigation unnecessary. *See Strickland*, 466 U.S. at 691. Counsel need not pursue an investigation that would be fruitless or might be harmful to the defense. *Richter*, 131 S. Ct. at 789–90. In the pretrial stage, counsel must, at a minimum, conduct a reasonable investigation enabling him to make informed decisions about how to best represent his client. Where the decision not to investigate further is taken because of reasonable tactical evaluations, the attorney's performance is not constitutionally deficient. *Siripongs v. Calderon*, 133 F.3d 732, 734 (9th Cir. 1998).

Mere speculation that additional information derived from further investigation might have provided helpful information is not enough to establish ineffective assistance of counsel. *See Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2001) (concluding speculation that a witness might have given helpful information if interviewed is insufficient to establish ineffective assistance of counsel); *Alcala v. Woodford*, 334 F.3d 862, 889–90 (9th Cir. 2003) (stating petitioner needs to show that an outcome more favorable to him would have been reached); *United States v. Taylor*, 802 F.2d 1108, 1119 (9th Cir. 1986) (stating vague and speculative assertions are insufficient). Importantly, the "relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs*, 133 F.3d at 736.

It is petitioner's burden to prove ineffective assistance of counsel. Petitioner attempts to do so by arguing that there is lack of evidence to support a showing that Attorney Horowitz conducted a sufficient factual investigation into petitioner's case. The petition relies on three declarations to support this argument.

The declaration of Frank Ubhaus, defense counsel prior to the substitution of Attorney Horowitz, stated that when Attorney Ubhaus turned the case over to Attorney Horowitz, he had not yet received discovery from Santa Cruz County and had received only some discovery from Santa Clara County (Pet. Exh. K). The declaration of Attorney Emily Doringer, habeas co-counsel, stated that she contacted Attorney Horowitz to obtain petitioner's case file but that he did not have the file (though he did turn over some files related to the case) and indicated he had turned the case file over to petitioner's wife (Pet. Exh. L). The files habeas counsel did receive apparently "do not indicate that Horowitz ever obtained complete discovery and they do not show that he conducted anything resembling a complete investigation" (Pet. 23). By her own declaration, petitioner's wife indicated that she never received the case file from defense counsel (Pet. Exh. M). Furthermore, appended to the petition was a letter from Attorney Horowitz to petitioner's mother wherein Attorney Horowitz outlined his use of client funds, which does not explicitly claim that any portion of the legal fees went to cover investigative costs (Pet. Exh. N).

8

Based on these items of evidence, the petition concludes, that Attorney Horowitz failed to conduct "even a basic level of inquiry" to investigate the allegations against petitioner (Pet. 24).

It is petitioner's burden to prove ineffective assistance of counsel. Petitioner has not met that burden here. Indeed, the record reflects that petitioner was satisfied with his counsel's advise upon entry of the plea. At the time of the plea, the court asked "Mr. Horowitz, have you discussed with your client the elements of all these offenses, possible defenses, consequences of the pleas and any admissions; and are you satisfied with those discussions, waiver of rights, pleas and admissions Mr. Schneider's about to enter?" Defense counsel replied, "yes." The court then asked, "Mr. Schneider, are you likewise satisfied with the discussions you've had with your attorney in that regard?" Petitioner indicated, "yes." Petitioner also confirmed that he was entering into the plea freely and voluntarily. Petitioner has not submitted a declaration indicating anything to the contrary (Gov't Exh. J at 6).

Nor is there any evidence that had counsel undertaken further investigation that defendant would not have entered no-contest pleas. In order to satisfy the prejudice requirement here, petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petition states that had defense counsel conducted an adequate investigation he would have discovered the allegedly duplicative counts and statute of limitations defense allegedly available and that failure to discover these defenses prejudiced petitioner's case. But petitioner put forward no evidence to show that defense counsel did not discover these alleged defenses. In fact, the record shows that petitioner voluntarily waived his right to any statute of limitations defense when he entered into the global settlement agreement. Again, petitioner has put forward no declaration indicating that this information — if indeed, he was unaware of it at the time he pled —would have caused him to not enter the no-contest pleas. And given the fact that he was facing 173 counts, it cannot be said that it was unreasonable for defense counsel to have counseled him to plead.

Finally, petitioner contends that the alleged duplicative counts are evidence that counsel failed to read the complaint. There is no support for this bare assertion.

9

The order finds no basis upon which to conclude that the state court decision was contrary to or an unreasonable application of clearly established federal law.

The petition requests an evidentiary to the extent that there are not facts sufficient to make a determination on the claims at bar, arguing that it has been impossible for petitioner to fully investigate this case due to the lost case file. Section 2254(e)(2) provides for an evidentiary hearing when (1) the factual predicate for a claim could not have been previously discovered through the exercise of due diligence *and* (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. A declaration of defense counsel or petitioner could have previously been put forward, as petitioner and/or Attorney Horowitz would know the depth and scope of investigation undertaken. And petitioner would know what evidence could have been discovered but was not. No such declarations have been filed and the Court has not located any reference in the record indicating that either petitioner or Attorney Horowitz refused to provide such declarations. Nor is there reason to believe that prong two would be satisfied. No evidentiary hearing need be held.

### 3. CLAIM REGARDING DUPLICATIVE COUNTS.

The petition claims that defense counsel rendered ineffective assistance when he failed to protect petitioner's double jeopardy rights and petitioner "unknowingly pled, upon advice of counsel, to nine different pairs of identical counts." The plea, the petition asserts, was "rendered unknowing and involuntary by counsel's severely deficient performance" and prejudiced petitioner in terms of his sentencing (Pet. 8–9).

A defendant who enters a guilty plea or no-contest plea, as was the case here, on the advice of counsel may generally only attack the voluntary and intelligent character of the plea by showing that the advice he received from counsel was not within the range of competence demanded of attorney's in criminal cases. *Hill*, 474 U.S. at 56.

The reader is reminded that on an ineffective assistance of counsel claim, defendant must demonstrate (1) that counsel's performance was deficient, falling below an objective standard of

10

reasonableness and (2) that counsel's deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 688.

The petition contends that "failure of trial counsel to conduct an adequate review of the charges and identify the erroneously charged duplicate counts falls below an objectively reasonable standard of performance" (Pet. 29). For the reasons stated above, the failure to investigate claim fails.

Furthermore, petitioner argues that "[h]ad counsel raised a defense to the duplicate charges, it would have resulted in the dismissal of the duplicate charges and, potentially, a significantly shorter sentence" (*ibid*.). Nothing supports this allegation. Indeed, the global settlement agreement, required petitioner to enter guilty or no-contest pleas to all of the charges in order to derive the benefit of the agreement and have both of his cases consolidated into one. The agreement explicitly stated that if petitioner did not plea in accordance with these terms, "the two cases would revert back to the status each case enjoyed prior to their consolidation" (Pet. Exh. C).

Nothing suggests that petitioner would have forgone the global settlement agreement, initiated at his own request, had he known (assuming he did not) about the allegedly duplicative counts. Importantly, nothing supports the assertion that petitioner did not know of the allegedly duplicate counts. And nothing supports the assertion that the counts were indeed duplicative.

Still, an evidentiary hearing is not needed to further flesh out the record, as petitioner who bears the burden of proof on an ineffective assistance of counsel claim could have put forward a declaration to provide additional clarity on these issues. He did not. Thus, petitioner has not shown that counsel's performance was deficient in advising petitioner to plead to all of the counts. It follows, then that his appellate counsel was not ineffective for failing to raise the issue on appeal, as the petition contends.

Having failed to show that the state court decision was contrary to or an unreasonable application of clearly established federal law, petitioner is not entitled to federal habeas relief based on this claim.

### 4. CLAIM FOR FAILURE TO OBJECT ON CONSTITUTIONAL GROUNDS.

The petition further argues that Attorney Horowitz rendered ineffective assistance of counsel when he failed to specifically object to the applicability of the violent-felony allegation on due process and equal protection grounds at sentencing. In his sentencing memorandum, however, he did request that the violent-felony enhancement be stayed or stricken, namely on the ground that a technical burglary does not present any real danger of violence. The California Court of Appeal addressed that argument on the merits and concluded that the violent-felony enhancement was properly applied to the first-degree burglary allegations (Pet. Exh. J. at 385).

Under California Penal Code Section 667.5(c)(21), a residential burglary committed when a person other than an accomplice is present in the residence is a violent felony. In petitioner's case, the government's theory was that petitioner entered the residence of his clients with the intent to fraudulently obtain money, a form of theft, and that his clients, who were non-accomplices, were present in the residence at the time. Petitioner admitted that the burglaries charged constituted violent felonies within the meaning of the penal code. He pleaded no contest to the violent-felony enhancement (Gov't Exh. J at 27).

The significance of the violent-felony classification is that petitioner's credits will be limited to 15 percent, meaning that the maximum credit petitioner could earn against a period of confinement could not exceed 15 percent. "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue not more than 15 percent of worktime credit." CAL. PENAL CODE § 2933.1. The petition contends that the classification "bears no rational relationship to any legitimate governmental purpose," and is therefore a violation of petitioner's equal protection and due process rights and that Attorney Horowitz should have made this argument (Pet. 9).

#### A. Due Process.

Petitioner argues that Section 667.5(c)(21) violates due process principles because it "operates to treat an irrationally expansive class of individuals as 'violent' offenders, even when like Schneider, they have not committed offenses involving any type of actual, threatened or potential violence" (Pet. 39).

12

On appeal, petitioner challenged the applicability of the violent-felony designation to the burglaries he committed, arguing that the enhancements should have been stricken because the felony was not actually violent. The appellate court disagreed.

Its reasoning sheds light on the viability of a constitutional challenge. The appellate court stated (Exh. J at 385):

> [T]he drafters of section 667.5 subdivision (c)(21) did not rely on any of these distinctions when defining which types of burglaries should be deemed violent felonies. Instead, they determined that the violent felony designation should apply to first degree burglaries where a person other than an accomplice is present during the commission of the burglary without consideration of the nature of the perpetrator's intended [crime] . . . .
>
> Whether a felonious entry poses a physical danger to the victim is fact specific; it depends not on the particular felony, but on the sophistication of the perpetrator, the potential for detection, and the reactions of the victim and perpetrator if the felonious purpose is detected. It is not unreasonable to envision a fraudulent securities transaction where, upon probing questioning about the purchase, the victim discovers the illegality, attempts to call the police, and is attacked by the perpetrator. Other than speculation, how is one to determine whether such a potential threat existed in this case? The same can be said of the fraudulent real estate transaction here. While the trial court may have believed that the risk of violence was minimal in this case, we do not believe the same can be said in every case involving this type of burglary.
>
> For these reasons, we conclude that section 667.5, subdivision (c)(21) is not ambiguous on its face or as applied here, that the 'violent' felony' designation in that section applied to the burglary allegations in this case, and the court did not impose an unauthorized sentence when it limited defendant's credits to 15 percent pursuant to section 2933.1.

The order recognizes that during the commission of the burglaries petitioner performed no violent act in the traditional way. Rather the felony was deemed to be violent pursuant to the terms of Section 667.5(c)(21), which provides that a "burglary of the first degree . . . wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." The rationale used by the prosecution successfully was that petitioner committed first-degree burglary by entering a residence with the intent to commit theft, and in some instances, theft on an elder. The state court of appeal ruled that application of the violent-felony enhancement (to which petitioner entered a no-contest plea) to the first-degree

13

burglary allegations, was appropriate. A federal district court may not second guess the state court's interpretation of the scope of a state statute.

### B. Equal Protection.

The petition also contends that Attorney Horowitz rendered ineffective assistance for failing to object to the application of the violent felony-enhancement to petitioner's first-degree burglary allegations. The equal protection clause requires that all persons similarly situated should be treated alike. If, as in this case, the classification does not impact a fundamental right or suspect class, the classification is valid "so long as it bears a rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 (1996).

*First*, petitioner argues that the challenged statutory scheme violated equal protection because "Schneider and others who commit technical burglaries involving no actual threat of potential violence are irrationally classified as 'violent' felons and as a result are not eligible for the same time credit provisions available to other felons whose crimes involved no possibility of violence" (Pet. 32). Petitioner reviews hypothetical examples to illustrate how the violent-felony classification applies to a wide range of offenses that, in actuality, are themselves non-violent such as computer or drug-related crimes. The fact that the statute would apply to individuals charged with burglary who intended to commit crimes the petition refers to as technically non-violent does not demonstrate that the violent-felony enhancement runs afoul of the equal protection clause. Indeed, the petition submits that the individuals in the examples would be subject to the same violent-felony enhancement as petitioner.

*Second*, the petition argues that petitioner would be treated differently from an individual who completed an identical fraud from within an office building and that this violates the equal protection clause. But petitioner would not be similarly situated to such a person. Indeed, laws against first-degree burglary are designed to protect against a "separate invasion of the sanctity of the home." *People v. Ervine*, 47 Cal. 4th 745, 790 (2009).

*Third*, the petition argues that the law bears no rational relationship to a legitimate end because the classification "covers such a broad range of non-violent conduct" (Pet. 33). Not so. The appellate court's review of petitioner's challenge to the application of the violent-felony

14

enhancement in this case shed light on why. Simply put, commission of a felony inside a person's home when a person other than an accomplice is present risks violence, even if the felony itself is not actually violent. The classification bears a rational relationship to a legitimate purpose of preventing violent crime.

Our court of appeals has stated that counsel's failure to raise a meritless legal argument does not constitute ineffective assistance of counsel. *Shah. v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989). In the instant action, it is less than clear that a specific objection on constitutional grounds would have been meritorious. Moreover, the relevant inquiry is not what the best counsel would have done but rather whether the choices made by defense counsel were reasonable. *See Siripongs*, 133 F.3d at 736. It was reasonable for counsel to not have objected to application of the violent-felony allegation on equal protection and due process grounds.

Thus, as to the claim that counsel was ineffective for failing to object to the application of the violent-felony enhancement on due process and equal protection grounds, the order concludes that the state court decision was not contrary to or an unreasonable application of clearly established law.

**CONCLUSION**

The petition for writ of habeas corpus is **DENIED**. Judgment will be entered in favor of respondents.

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner must make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's

denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has failed to do so. Consequently, a certificate of appealability is denied.

The Clerk shall **CLOSE** the case file.

**IT IS SO ORDERED.**

Dated: January 12, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE